Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Brian L. Bradford
Nevada Bar No. 9518
brian.bradford@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant Blazin Wings, Inc., d/b/a
Buffalo Wild Wings Grill and Bar*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN ZIMMERMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BLAZIN WINGS, INC.,<br><br>Defendant. | Case No.:  2:17-cv-01170-GMN-GWF<br><br>**ANSWER TO COMPLAINT** |

Defendant Blazin Wings, Inc. ("Defendant"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby files its Answer to Kevin Zimmerman's ("Plaintiff") Complaint, and answers and affirmatively defends as follows:

**JURISDICTION AND VENUE**

1. The allegations in Paragraph 1 call for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant admits it owns and operates a business at 7430 South Las Vegas Boulevard, Suite #120, Las Vegas, Nevada, 89123.  Defendant denies all remaining allegations contained therein.

2. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies the same.

3. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies the same.

4. In response to the allegations in Paragraph 4 of Plaintiff's Complaint, Defendant admits Plaintiff seeks to invoke this Court's jurisdiction over the subject matter of Plaintiff's claims as alleged in his Complaint, but Defendant denies Plaintiff's claims have any merit.

5. In response to the allegations in Paragraph 5 of Plaintiff's Complaint, Defendant admits Plaintiff seeks to invoke this Court as the proper venue for Plaintiff's claims as alleged is proper in this Court, but denies Plaintiff's claims have any merit.

## STANDING

6. The allegations in Paragraph 6 call for a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained therein.

7. The allegations in Paragraph 7 call for a legal conclusion to which no answer is required. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the same.

9. Defendant admits it offers goods and services to the public but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies the same.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies the same.

14. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies the same.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

15. In response to Paragraph 15 of the Complaint, Defendant states that Plaintiff's claims are, or will become moot, in that Defendant has either removed, or will remove, any barrier to access identified in Plaintiff's Complaint to the extent it is required to do so under the ADA and that such barrier removal is readily achievable and technically feasible.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

16. The allegations in Paragraph 16 call for a legal conclusion to which no answer is required. To the extent an answer is required, the statute referenced in this paragraph speaks for itself and Defendant denies any inconsistent characterization of the same.

17. The allegations in Paragraph 17 call for a legal conclusion to which no answer is required. To the extent an answer is required, the statute referenced in this paragraph speaks for itself and Defendant denies any inconsistent characterization of the same.

18. The allegations in Paragraph 18 call for a legal conclusion to which no answer is required. To the extent an answer is required, the statutes and regulations referenced in this paragraph speak for themselves and Defendant denies any inconsistent characterization of the same.

19. The allegations in Paragraph 19 call for a legal conclusion to which no answer is required. To the extent an answer is required, the statute, regulations and other authorities referenced in this paragraph speak for themselves and Defendant denies any inconsistent characterization of the same.

20. The allegations in Paragraph 20 call for a legal conclusion to which no answer is required. To the extent an answer is required, the statute, regulations and other authorities referenced in this paragraph speak for themselves and Defendant denies any inconsistent characterization of the same.

21. The allegations in Paragraph 21 call for a legal conclusion to which no answer is required. To the extent an answer is required, the statute, regulations and other authorities referenced in this paragraph speak for themselves and Defendant denies any inconsistent characterization of the same.

22. The allegations in Paragraph 22 call for a legal conclusion to which no answer is

1 required. To the extent an answer is required, the statute, regulations and other authorities
2 referenced in this paragraph speak for themselves and Defendant denies any inconsistent
3 characterization of the same.

4     23. The allegations in Paragraph 23 call for a legal conclusion to which no answer is
5 required. To the extent an answer is required, the statute, regulations and other authorities
6 referenced in this paragraph speak for themselves and Defendant denies any inconsistent
7 characterization of the same.

8     24. The allegations in Paragraph 24 call for a legal conclusion to which no answer is
9 required. To the extent an answer is required, the statute, regulations and other authorities
10 referenced in this paragraph speak for themselves and Defendant denies any inconsistent
11 characterization of the same.

12     25. The allegations in Paragraph 25 call for a legal conclusion to which no answer is
13 required. To the extent an answer is required, the statute, regulations and other authorities
14 referenced in this paragraph speak for themselves and Defendant denies any inconsistent
15 characterization of the same.

16     26. The allegations in Paragraph 26 call for a legal conclusion to which no answer is
17 required. To the extent an answer is required, the statute, regulations and other authorities
18 referenced in this paragraph speak for themselves and Defendant denies any inconsistent
19 characterization of the same.

20     27. The allegations in Paragraph 27 call for a legal conclusion to which no answer is
21 required. To the extent an answer is required, the statute, regulations and other authorities
22 referenced in this paragraph speak for themselves and Defendant denies any inconsistent
23 characterization of the same.

24     28. The allegations in Paragraph 28 call for a legal conclusion to which no answer is
25 required. To the extent an answer is required, the statute, regulations and other authorities
26 referenced in this paragraph speak for themselves and Defendant denies any inconsistent
27 characterization of the same.

28     29. The allegations in Paragraph 29 call for a legal conclusion to which no answer is

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

required. To the extent an answer is required, Defendant denies the allegations in Paragraph 29 of the Complaint.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

30. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, denies the same.

31. In response to the allegations in Paragraph 31 of the Complaint, Defendant denies Plaintiff was denied full and equal access or enjoyment of any facilities, services, goods, privileges, advantages, or accommodations within the premises. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint, including subparts a-e, and, therefore, denies the same.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

### COUNT ONE: VIOLATION OF TITLE III OF ADA

36. Defendant incorporates by reference herein all the answers, defenses, responses, denials, and averments to all allegations contained within Paragraphs 1 through 35 of the Complaint.

37. The allegations in Paragraph 37 call for a legal conclusion to which no answer is required. To the extent an answer is required, the statute referenced in this paragraph speaks for itself and Defendant denies any inconsistent characterization of the same.

38. The allegations in Paragraph 38 call for a legal conclusion to which no answer is required. To the extent an answer is required, the statute referenced in this paragraph speaks for itself and Defendant denies any inconsistent characterization of the same.

39. The allegations in Paragraph 39 call for a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendant states that Plaintiff's claims are, or will become moot, in that Defendant has either removed, or will remove, any barrier to access identified in Plaintiff's Complaint to the extent it is required to do so under the ADA and that such barrier removal is readily achievable and technically feasible. Defendant denies all remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. The allegations in Paragraph 43 call for a legal conclusion to which no answer is required. To the extent an answer is required, the statute referenced in this paragraph speaks for itself and Defendant denies any inconsistent characterization of the same.

## RELIEF

44. Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, therefore, denies the same.

46. Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 47 of the Complaint, including subparts (A) through (E) thereto.

Defendant expressly denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to the injunctive relief he seeks because he lacks standing to seek or receive such relief.

### SECOND DEFENSE

Plaintiff failed to state a claim upon which relief can be granted, and failed to meet the strict Federal Court pleading requirements as specified in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007).

. . .

### THIRD DEFENSE

At all times relevant to this suit, Defendant's actions were in good faith and it had reasonable ground for believing those actions were not in violation of any law.

### FOURTH DEFENSE

Accessibility is provided, may impose an undue hardship, may not be readily achievable, may be prevented by architectural and other factors, may be technically infeasible, or may not otherwise be required.

### FIFTH DEFENSE

*De minimis* violations of federal regulations are not actionable or enjoinable.

### SIXTH DEFENSE

The statute of limitations may bar Plaintiff's claims, pending discovery of additional facts and evidence from Plaintiff.

### SEVENTH DEFENSE

Plaintiff's claims are, or will become moot, in that Defendant has either removed, or will remove, any barrier to access identified in Plaintiff's Complaint to the extent it is required to do so under the ADA and that such barrier removal is readily achievable and technically feasible.

### EIGHTH DEFENSE

Plaintiff's claims are barred by laches, course of conduct, estoppel, and/or waiver.

### NINTH DEFENSE

Plaintiff's Complaint and the purported causes of action alleged in the Complaint are barred because the barrier removal Plaintiff seeks under the ADA is not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense when taking into account the cost of remediation, Defendant's financial resources, and the impact on Defendant's operations.

### TENTH DEFENSE

Plaintiff's Complaint and all purported causes of action alleged in Plaintiff's Complaint are barred by Defendant's good faith reliance upon reasonable interpretations of federal law.

. . .

**ELEVENTH DEFENSE**

Plaintiff's Complaint and all purported causes of action alleged in Plaintiff's Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes under which Plaintiff has sued.

**TWELFTH DEFENSE**

Plaintiff's claims against Defendant are barred to the extent that, with respect to any particular architectural element of the premises that departs from accessibility guidelines, the store has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

**THIRTEENTH DEFENSE**

Plaintiff's claims against Defendant are barred to the extent that removal of the alleged barriers would fundamentally alter the nature of Defendant's store.

**FOURTEENTH DEFENSE**

Plaintiff's prayers for damages and injunctive relief are barred to the extent the claimed violations are "*de minimis*" and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**FIFTEENTH DEFENSE**

Plaintiff's claims against Defendant are barred to the extent he relies on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

**SIXTEENTH DEFENSE**

Plaintiff lacks standing to challenge the barriers at a location he did not visit prior to the filing of the Complaint and/or to a location to which he is unlikely to return.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred because there was no "alteration" within the meaning of the ADA that triggered an obligation to make the modifications that Plaintiff seeks and/or, to the extent there was "alteration," the modifications sought were either not triggered by the "alteration," or were triggered, but cost in excess of 20% of the overall cost of the entire "alteration."

**EIGHTEENTH DEFENSE**

Plaintiff's claims that the store was designed in violation of the ADA are barred to the extent that the facility, or a particular element or feature of the facility that has been put at issue, was designed and constructed prior to the effective date of the relevant portion of the ADA or its regulations.

**NINETEENTH DEFENSE**

Plaintiff has failed to mitigate or to reasonably attempt to mitigate his damages, if any, particularly to the extent Plaintiff was aware of any alleged barriers to access and failed to use alternative accessible accommodations and/or means of access and to the extent Plaintiff alleges multiple claims for the same accessibility violation on different occasions and failed to alter his conduct.

**TWENTIETH DEFENSE**

Plaintiff's claims against Defendant are barred to the extent that they interfere with Defendant's compliance with laws and regulations that apply equally to all persons.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims for damages in the Complaint against Defendant are barred in whole or in part because Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment, or control of Defendant.

**TWENTY-SECOND DEFENSE**

Plaintiff has not been denied full and equal access to the benefits, accommodations, and services offered by the subject facility and/or facilities.

**TWENTY-THIRD DEFENSE**

Plaintiff may have unclean hands, barring equitable remedies, or may have an improper purpose in filing this action. Plaintiff's claims are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions, and his pattern and practice of visiting places of public accommodation without the intent of accessing goods and services and instead with the purpose of filing lawsuits, such as the current action, and incurring damages. Thus, Plaintiff's primary motive in filing this action may be the generation of damages, attorneys' fees and expert witness

payments.

**TWENTY-FOURTH DEFENSE**

Plaintiff is not entitled to recover attorneys' fees from Defendant as alleged in the Complaint. In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

Defendant reserves the right to designate additional defenses as they become apparent through the course of discovery, investigation and otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by way of his Complaint;

2. That Defendant be awarded its reasonable attorneys' fees and costs in defending this action; and

3. For such other and further relief this Court deems just and proper in the circumstances.

DATED this 14th day of July, 2017.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


/s/ Brian L. Bradford
Anthony L. Martin
Nevada Bar No. 8177
Brian L. Bradford
Nevada Bar No. 9518
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached **ANSWER TO COMPLAINT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Whitney C. Wilcher

Pursuant to FRCP 5(b), I hereby further certify that service of the foregoing document was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

Whitney C. Wilcher
The Wilcher Law Firm
8465 W. Sahara Avenue, Ste. 111-236
Las Vegas, NV  89117
*Attorneys for Plaintiff*

DATED this 14th day of July, 2017.

/s/ Carol Rojas
A<span>N</span> E<span>MPLOYEE OF</span> O<span>GLETREE</span>, D<span>EAKINS</span>,
N<span>ASH</span>, S<span>MOAK</span> & S<span>TEWART</span>, P.C.

30429942.1